UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BLADE J. REED, Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:18-CV-389-JD-MGG |
| WARDEN, Respondent. | ) | |

OPINION AND ORDER

Blade J. Reed, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (CIC 16-10-322) where a Disciplinary Hearing Officer ("DHO") found him guilty of threatening a prison officer in violation of Indiana Department of Correction (IDOC) policy B-213. ECF 1 at 1. As a result, Reed was sanctioned with the loss of 90 days earned credit time. *Id*. The Warden has filed the administrative record and Reed has filed a traverse. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record

to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

In this case, Reed was found guilty of violating IDOC offense B-213, which prohibits an inmate from engaging in threatening conduct. The rule delineates three types of inmate conduct that are considered to be threatening. The relevant conduct and the one Reed was charged with prohibits an inmate from "[c]ommunicating to another person a plan to physically harm, harass or intimidate that person or someone else."

Indiana Department of Correction, Adult Disciplinary Process: Appendix I. *See* http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

Officer M. Miller wrote a conduct report charging Reed as follows:

> On 10/26/2016 at approximately 8:36 AM, I Officer M. Miller was performing a DHB screening of Offender Reed, Blade 196682 15B-2B. After the screening Offender Reed was upset at the conduct report he had received. As he was walking toward the gate to be placed back in the seating area of DHB, Offender Reed then stated "Who wrote this shit, cause I'm about to beat a bitch's ass". This statement was directed toward Investigator J. Poer, who was the author of the report. Sgt. J. Kelley was then called to escort Offender Reed to ARH. Offender Reed was in clear violation of a code 213 "Threatening another with bodily harm".

ECF 6-1 at 1.

On November 18, 2016, a DHO found Reed guilty of engaging in threatening conduct. ECF 1-2 at 7. Reed challenged the conviction in *Reed v. Warden*, 3:17-CV-724 (N.D. Ind. filed Sept. 20, 2017). On February 18, 2018, IDOC vacated the guilty finding and sanctions and ordered a rehearing. ECF 1-2 at 31-37. The court dismissed the petition and entered judgment on March 20, 2018. ECF 1-2 at 38-40.

On February 27, 2018, Reed was re-notified of the B-213 charge when he was served with the conduct and screening reports. ECF 6-1 at 1; 6-2 at 1. Reed did not request any witnesses but he did request video of the DHB area for October 21, 2016 and October 26, 2016. ECF 6-2 at 1. He also asked for the assistance of a lay advocate and one was provided for him. ECF 6-2 at 1; 6-3 at 1. On March 1, 2018, prison officials determined that video of the incident had never been recorded because the camera systems did not go back to 2016. ECF 6-4 at 1.

Reed's rehearing was held on March 2, 2018. ECF 6-5 at 1. The DHO recorded the following statement: "[O]ffender states date of report written is [five] days before the conduct [report]. At no point did [he] say anything about a conduct report [and] Inves[tigator] Poer['s] . . . statement is only based on speculation." *Id*. Reed also provided the DHO with a written statement. ECF 6-6 at 1-4. On the basis of the conduct report and Reed's statements, the DHO found him guilty of violating offense B-213 and sanctioned him with the loss of 90 days earned credit time. ECF 6-5 at 1.

In his petition, Reed argues there are three grounds which entitle him to habeas corpus relief. ECF 1 at 2-3. In one ground, Reed asserts his due process rights were violated because there was insufficient evidence of his guilt. ECF 1 at 2. In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Officer Miller documented that, on October 26, 2016, Reed became upset after she screened him regarding Investigator Poer's conduct report. ECF 6-1 at 1. As he was walking toward the gate to be placed back in the DHB seating area, he stated "[w]ho wrote this shit, cause I'm about to beat a bitch's ass." *Id*. Given Officer Miller's conduct report memorializing Reed's threatening statement, which was directed toward Investigator Poer, there was more than "some evidence" to support the DHO's finding that Reed was guilty of violating offense B-213.

Nevertheless, Reed argues there was insufficient evidence for the DHO to find him guilty. In this regard, he denies the allegations in the conduct report and presses

the court to believe his version of the incident—and not Officer Miller's account of the events in this case. *Id*. Here, Reed claims it was erroneous for Officer Miller to infer that his threatening statement pertained to the conduct report or Investigator Poer when he, in fact, was simply directing his statement to another individual in the DHB waiting area. ECF 6-6 at 3-4. In other words, he claims Officer Miller speculated about the fact he was "upset about another conduct [report]" when she could not have known what he was thinking or feeling. *Id*. at 4.

But here Reed is simply inviting the court to reweigh the evidence to gain a favorable outcome. However, the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence." *McPherson*, 188 F.3d at 786. Rather, it is the court's role to determine if the hearing officer's decision to revoke good time credits has some factual basis. *Id*. Because the DHO considered the salient evidence, there was no violation of Reed's due process rights. *Hill*, 472 U.S. at 456-57 ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). In other words, the DHO's finding that Reed violated offense B-213 was neither arbitrary nor unreasonable in this case given the timing and context of his statement to Officer Miller. Thus, this ground does not identify a basis for habeas corpus relief.

In another ground, Reed asserts the DHO violated his Fourteenth Amendment and Eighth Amendment rights because he did not consider his mental health when assessing his guilt. ECF 1 at 2. He first claims that the DHO's failure to account for his

mental health violated his Fourteenth Amendment right to a fair and impartial hearing before an impartial decision-maker. *Id*. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the DHO knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the events underlying the charge. *Id*.

The court's review of the record shows there is no evidence to support Reed's contention that the DHO was biased against him or that he did not have an impartial hearing. Here, Reed maintains that he was subjected to an unfair hearing because the DHO did not take into account his mental health and because of the DHO's "attitude, behavior, and statements" at the hearing. ECF 1 at 2. However, Reed did not present any evidence of his mental health concerns at the hearing. ECF 6-5 at 1. And he has neither alleged nor produced evidence that shows the DHO was directly or otherwise substantially involved in the factual events underlying the disciplinary charges, or the investigation of the incident. *Piggie*, 342 F.3d at 666. The fact the DHO relied on the credibility of Officer Miller's conduct report and discredited Reed's version of the incident does not establish that the DHO was biased against Reed. Thus, Reed has not establish that the DHO was partial or biased against him during the proceedings.

Reed next claims that the DHO violated his Eighth Amendment right against cruel and unusual punishment when he failed to account for his mental health. ECF 1 at 2. However, because Eighth Amendment claims do not affect the fact or length of Reed's custody, they cannot be remedied in a habeas corpus petition pursuant to Section 2254. *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). Thus, his Eighth Amendment claim fails.

Reed further avers that the DHO violated prison policy when he assessed his guilty without considering his mental health. However, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). In other words, Reed's claim that the DHO violated prison policy cannot be remedied in a habeas corpus petition. In sum, this ground does not state a basis for granting habeas corpus relief either.[1]

In his final ground, Reed complains that his due process rights were violated because the conduct report was written on October 21, 2016—five days before the

---

[1] Reed also claims that, during the screening process, his constitutional rights and IDOC policy were violated because his mental health was not considered. ECF 1 at 2. However, as discussed, Reed never raised the issue of his mental health or how any alleged errors in the screening process violated his constitutional rights or IDOC policy.

incident occurred on October 26, 2016. ECF 1 at 2. However, this mistake appears to be a typographical error regarding the correct date of the incident. Reed has not explained how this typographical error actually harmed his defense or that it had a substantial or injurious effect on the outcome of his proceeding. In other words, he has not shown how writing the wrong date on the conduct report deprived him of his due process rights and amounted to anything more than harmless error. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Therefore, this third ground does not identify a basis for granting habeas corpus relief.[2]

If Reed wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Blade J. Reed's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on October 28, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

[2] Reed asserts his rehearing was unfair and violated IDOC policy because it was longer than the original hearing and more sanctions were imposed. However, because his allegations are premised on violations of IDOC policy, he has not established a violation of his due process rights. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief.")